**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **SAINT LAWRENCE COMMUNICATIONS, LLC,** | § § § | |
| **Plaintiff,** | § § | |
| | § | **Civil Action No. 2:19-cv-00027-JRG** |
| **v.** | § § | |
| **AMAZON.COM, INC. AND AMAZON.COM LLC,** | § § § | |
| **Defendants.** | § § | |

## JOINT EMERGENCY MOTION FOR 30-DAY CONTINUANCE IN VIEW OF COVID-19 VIRUS IMPACT

Pursuant to the Court's Standing Order Regarding the Novel Coronavirus (COVID-19) ("Standing Order"), plaintiff Saint Lawrence Communications, LLC ("Saint Lawrence") and defendants Amazon.com, Inc. and Amazon.com LLC (collectively "Amazon") respectfully jointly move for a 30-day continuance of the case schedule in view of the extraordinary impact caused by the COVID-19 virus on Amazon and the parties' relevant employee witnesses in the Seattle, Washington area.

### Factual Background: COVID-19 Impact on Relevant Seattle-Based Employee Witnesses

As reported in the news, dozens of confirmed COVID-19 infections have been reported in the Seattle area. (Declaration of Heidi L. Keefe, Ex. 1.) Local government authorities have issued directives to contain the impact. (Keefe Decl., Ex. 2.) At least one Amazon employee who works in Amazon's downtown Seattle offices was recently confirmed to be infected with the COVID-19 virus. (Keefe Decl., Ex. 3.) Late on Wednesday, March 4, 2020, Amazon directed all employees in its Seattle offices to work from home for the remainder of the month, consistent with

government directives.  (*Id.*)  Amazon has also directed all of its employees worldwide to cancel any non-essential travel plans.  (Keefe Decl., Ex. 4.)[1]

As reported in the news, the COVID-19 virus can be transmitted without causing any symptoms in the infected individuals, and symptoms of infection may not first emerge until 14 days after initial exposure to the virus.  (Keefe Decl., Ex. 5.)

Due to the seriousness of the growing risk in the Seattle area, on March 6, 2020, the United States District Court for the Western District of Washington issued a General Order explaining the COVID-19 virus risk in the Seattle area and associated government authority directives, and continuing indefinitely all civil and criminal matters scheduled for in-court appearance including all associated deadlines.  (Keefe Decl., Ex. 6.)

Of particular import to this case, four Amazon employees who work in Amazon's downtown Seattle offices are relevant witnesses subject to upcoming depositions in this case. (Keefe Decl., ¶ 8.)  At least three of them will be designated by Amazon as Rule 30(b)(6) corporate witnesses on topics relevant to the parties' damages-related claims and defenses to be addressed in subsequent damages-related expert reports.  (*Id.*)  Those individuals are all subject to the directives to work from home at least for the remainder of March 2020 and avoid non-essential travel.  (*Id.*)  The virus-related impact on these employees raises a substantial conflict with the schedule in this case, as fact discovery in this case is presently scheduled to close on March 30, 2020, and opening expert reports are currently due that same day.  (Dkt. 74.)  Trial is currently set to commence July 7, 2020.  (*Id.*)

---

[1] Numerous other large Seattle-area employers have also directed their Seattle-based employees not to work from downtown offices or travel, as reported in the news.  (Keefe Decl., Ex. 3.)

In addition, one individual who is designated as a witness on behalf of Saint Lawrence and potentially relevant to damages-related issues is also based in the Seattle area and subject to deposition prior to the close of fact discovery.  (Keefe Decl., ¶ 8.)

Counsel for Amazon notified counsel for Saint Lawrence of the potential impact from the virus on March 5, 2020 and provided notice on March 6, 2020 pursuant to the Court's Standing Order regarding the impact on depositions and case schedule.

### Parties' Requested Relief: 30-Day Continuance

Pursuant to the Standing Order, the parties have engaged in extensive discussion and jointly determined that the best course of action, subject to the Court's approval, is to request that the Court continue the discovery cutoff and opening expert deadline by 30 days, and adjust the remaining schedule in this case, up to and including trial, in order to enable the fair and orderly completion of discovery while respecting the health, safety, and privacy of the impacted individuals and their families.

Specifically, the parties seek to extend the close of fact discovery by 30 days to April 30, 2020 in order to reschedule the depositions for April 2020, with the hope that the virus risk and impact in the Seattle area will sufficiently clear.  In order to extend the close of fact discovery as such, the parties respectfully request that the remaining deadlines up to and including the scheduled July 7, 2020 trial setting should also be extended accordingly in order to allow the parties sufficient time to prepare and serve opening and responsive expert reports, complete expert discovery, file dispositive and *Daubert* motions, and address all other necessary pre-trial filings and disclosures.[2]

---

[2] Trial in this case was originally set for August 17, 2020 until the Court on March 5, 2020 rescheduled trial for July 7, 2020.  (Dkt. 74.)  The deadline for dispositive motions, May 11, 2020, remained the same, entailing that the remainder of the pretrial schedule was compressed.  (*See id*.)

The parties appreciate that the Court rarely grants motions to significantly modify deadlines.  This case unfortunately presents an extraordinarily unique set of circumstances: (1) three relevant Rule 30(b)(6) witnesses and one additional witness work in downtown Seattle, where COVID-19 has caused substantial disruption as discussed previously; (2) these individuals have been directed to work from home and avoid travel, consistent with the same government health directives that prompted the federal district court in Seattle to indefinitely continue all in-person hearings; (3) a fourth relevant witness is also located in the affected Seattle area; (4) fact discovery is set to close in three weeks; and (5) completion of the Rule 30(b)(6) depositions is necessary prior to the close of fact discovery and the commencement of expert discovery.  The parties greatly appreciate the Court's consideration of this request under the uniquely challenging circumstances in this case, consistent with the Court's Standing Order.

**<u>Certification that the Parties Diligently Discussed Potential Alternative Proposals</u>**

The parties have engaged in extensive discussions regarding potential alternative approaches.  The parties respectfully submit that the foregoing requested relief best serves the interests of justice under the extraordinary circumstances of this case.  Specifically, the parties discussed whether it would be reasonably practicable to forego certain depositions entirely, postpone one or more depositions until after the close of fact discovery and opening of expert discovery, and/or take one or depositions remotely by videoconference link without anyone else present in-person with the witness, but were unable to identify a workable approach under the unique extraordinary circumstances here.

The parties specifically explored the possibility of depositions by videoconference as noted in the Court's Standing Order, but were not able to achieve a resolution here.  As noted previously, the four Amazon employees from the Seattle offices including at least three Rule 30(b)(6)

witnesses have been instructed to work from home, consistent with local government health authority directives, and to avoid all non-essential travel in view of the growing spread of COVID-19 infection in the Seattle area; and one of Saint Lawrence's witnesses is also located in the Seattle area.  It is a matter of fundamental fairness and justice that each witness, and especially corporate Rule 30(b)(6) witnesses, may have counsel present in-person at their deposition.  *See*, *e.g.*, *Redmond v. Poseidon Personnel Servs., S.A.,* No. 09-2671, 2009 WL 3486385 (E.D. La. Oct. 23, 2009) (reversing magistrate judge ruling ordering deposition by videoconference of remote witness "with counsel to participate from their offices" and holding that each party "has the right to have counsel present during the Rule 30(b)(6) deposition" – "as a party to the litigation, [defendant] and its corporate representatives should be afforded the benefit of having their retained counsel present at the deposition").  The court reporter should also be present in-person with the witness to ensure an accurate transcription.  Here, the extraordinary circumstances caused by the COVID-19 virus do not currently reasonably permit these basic accommodations of in-person presence with the four relevant Seattle-area Amazon witnesses without undue risk.  Furthermore, given the widespread COVID-19 infection in the Seattle area, neither party seeks to require any person to travel to another location such as court reporter offices.  Any videoconference depositions would therefore need to be conducted of these individuals at their private homes, which are not appropriate environments to require each person to sit alone for a deposition over a videoconference link without their counsel or court reporter present, as a matter of fundamental fairness, decency, and respect for each individual's privacy.

For these reasons, under these extraordinary circumstances specific to the unique facts set forth above, the parties respectfully request that the Court grant the requested relief.

Dated:  March 9, 2020                    Respectfully submitted,

                                         */s/ Heidi L. Keefe*
                                         Melissa R. Smith
                                         Texas Bar No. 24001351
                                         **GILLAM SMITH LLP**
                                         303 South Washington Avenue,
                                         Marshall, Texas 75670
                                         Phone: 903.934.8450
                                         Fax: 903.934.9257
                                         melissa@gillamsmithlaw.com

                                         Heidi L. Keefe
                                         hkeefe@cooley.com
                                         Lowell D. Mead
                                         lmead@cooley.com
                                         COOLEY LLP
                                         3175 Hanover Street
                                         Palo Alto, CA 94304
                                         Telephone: (650) 843-5000
                                         Facsimile: (650) 849-7400

                                         **ATTORNEYS FOR DEFENDANTS**

                                         */s/ Amir Alavi*
                                         Demetrios Anaipakos
                                         Texas Bar No. 00793258
                                         danaipakos@azalaw.com
                                         Amir Alavi
                                         Texas Bar No. 00793239
                                         aalavi@azalaw.com
                                         Brian E. Simmons
                                         Texas Bar No. 24004922
                                         bsimmons@azalaw.com
                                         Masood Anjom
                                         Texas Bar No. 24055107
                                         manjom@azalaw.com
                                         Michael McBride
                                         Texas Bar No. 24065700
                                         mmcbride@azalaw.com
                                         Scott W. Clark
                                         Texas Bar No. 24007003
                                         sclark@azalaw.com
                                         Weining Bai
                                         Texas Bar No. 24101477
                                         wbai@azalaw.com

Justin Chen
Texas Bar No. 24074024
jchen@azalaw.com
Michael Killingsworth
Texas Bar No. 24110089
mkillingsworth@azalaw.com
AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI &
MENSING P.C.
1221 McKinney Street, Suite 2500
Houston, TX 77010
Telephone: 713-655-1101
Facsimile: 713-655-0062
Wesley Hill
Texas Bar No. 24032294
wh@wsfirm.com
Claire Abernathy Henry
Texas Bar No. 24053063
claire@wsfirm.com
Andrea L. Fair
Texas Bar No. 24078488

**ATTORNEYS FOR PLAINTIFF**

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served, via the Court's CM/ECF system per Local Rule CV-5(a) (3) upon all counsel of record on March 9, 2020.

/s/ *Heidi L. Keefe*
Heidi L. Keefe