IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SAINT LAWRENCE COMMUNICATIONS, LLC, | § § § | |
| Plaintiff, | § § | Case No. 2:19-cv-00027-JRG |
| v. | § § | **Jury Trial Demanded** |
| AMAZON.COM, INC. AND AMAZON.COM LLC, | § § § | |
| Defendants. | § § § | |

**PLAINTIFF SAINT LAWRENCE COMMUNICATIONS LLC'S
MOTION TO STRIKE CERTAIN OF DR. MADISETTI'S OPINIONS**

████████████████████████████████████

## TABLE OF CONTENTS

I.   INTRODUCTION ............................................................................................................. 1

II.  FACTUAL BACKGROUND ......................................................................................... 1

III. LEGAL STANDARD ..................................................................................................... 2

IV.  ARGUMENT ................................................................................................................... 4

  A. Dr. Madisetti's Invalidity Opinions Should Be Excluded Because They Are Untimely, Unreliable, and Constitute Improper Bolstering. ...................................................... 4

    1. Amazon's untimely disclosure of Dr. Madisetti's opinions is not justified or harmless. ................................................................................................................ 4

    2. Dr. Madisetti's opinions are based on an unreliable analysis. .......................... 5

    3. Dr. Madisetti's opinions constitute improper bolstering of Dr. Akl's opinions. 6

  B. Dr. Madisetti's ███████████████████ Should Be Excluded Because He Fails to Even Provide a Methodology, and the ███ Is Unreliable. ...................... 7

V.   CONCLUSION ............................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**

*Abron v. Lumber*,
   No. 2:99-cv-197, 2003 WL 25771980 (E.D. Tex. Feb. 7, 2003) ............................................... 8

*Blue Spike, LLC v. Huawei Techs. Co.*,
   No. 6:13-cv-679, 2016 WL 9286102 (E.D. Tex. Oct. 14, 2016) ............................................... 7

*Daubert v. Merrell Dowell Pharmaceuticals, Inc.*,
   509 U.S. 579 (1993) ............................................................................................................. 3, 4

*DiSalvatore v. Foretravel, Inc.*,
   No. 9:14-cv-00150, 2016 WL 7742824 (E.D. Tex. July 20, 2016) .......................................... 6

*Ericsson, Inc. v. Harris Corp.*,
   No. 4:98-cv-325, 2001 WL 36131932 (E.D. Tex. Mar. 13, 2001) ........................................... 7

*Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*,
   No. 2:16-CV-00134-JRG, 2017 WL 2869365 (E.D. Tex. Mar. 18, 2017) ............................... 3

*Hearing Components, Inc. v. Shure, Inc.*,
   No. 9:07-cv-104, 2008 WL 5572824 (E.D. Tex. Dec. 1, 2008) ............................................... 6

*Orthoflex, Inc. v. ThermoTek, Inc.*,
   986 F. Supp. 2d 776 (N.D. Tex. 2013) .................................................................................... 8

*Primrose Operating Co. v. Nat'l Am. Inc. Co.*,
   382 F.3d 546 (5th Cir. 2004) ............................................................................................... 3, 4

*Rembrandt Vision Tech., L.P. v. Johnson & Johnson Vision Care, Inc.*,
   725 F.3d 1377 (Fed. Cir. 2013) ............................................................................................... 3

*Thomas v. T.K. Stanley, Inc.*,
   No. 9-12-cv-158, 2014 WL 12814614 (E.D. Tex. Oct. 28, 2014) ........................................... 6

*ZiiLabs Inc. v. Samsung Elec. Co.*,
   Case No. 2:14-cv-203, 2015 WL 6690403 (E.D. Tex. Nov. 1, 2015) ...................................... 3

**Rules**

Federal Rule of Evidence 403 ......................................................................................................... 7

Federal Rule of Evidence 702 ..................................................................................................... 3, 4

## I. INTRODUCTION

Amazon's non-infringement expert, Dr. Vijay Madisetti, provides two types of opinions in his rebuttal report that should be excluded. First, Dr. Madisetti provides invalidity opinions that were not timely disclosed in accordance with the Court's deadlines. These opinions are also based on an unreliable methodology because Dr. Madisetti did not perform the required limitation-by-limitation analysis that compares the prior art references to the asserted claims. Indeed, Amazon has another expert witness who will testify regarding invalidity, and Dr. Madisetti's opinions, served in rebuttal, would be cumulative and constitute improper bolstering of this witness.

Second, Dr. Madisetti improperly ███████████████████████████████  ███ without any supporting analysis. In fact, Dr. Madisetti goes beyond merely providing an unreliable methodology and bases his ███████████ on no methodology whatsoever. Moreover, the ████ that Dr. Madisetti █████████ is itself compromised and biased.

Accordingly, SLC respectfully requests that the Court exclude Dr. Madisetti's invalidity opinions and ██████████████████████████████████.

## II. FACTUAL BACKGROUND

The deadline to serve disclosures for expert witnesses by the party with the burden of proof was April 29, 2020. *See* Dkt. No. 91 at 4. On that day, Amazon served the Expert Report of Dr. Robert Akl Regarding Invalidity. In his report, Dr. Akl opines that the asserted patents are invalid in view of the McCree, Boite, Schnitzler, Minde, and Johansson prior art references. *See* Expert Report of Dr. Robert Akl Regarding Invalidity (excerpts attached as Ex. 1) at ¶¶ 319, 474, 558, 830, 1124–28. On the same day, SLC served the Expert Report of Dr. Nikil Jayant Regarding Infringement.

Amazon then served the Expert Report of Vijay Madisetti on May 27, 2020. Dr. Madisetti was ████████████████████████████████████████████████████████████████████

1

███████████ Expert Report of Vijay Madisetti (excerpts attached as Ex. 2) at ¶ 38.

In his rebuttal report, Dr. Madisetti discusses the ███████████ ███████████ and offers invalidity opinions as to the asserted patents. *See* Ex. 2 at ¶¶ 196–99, 202–04, 206–10, 212–17, 219–24. Specifically, he opines, without the requisite invalidity analysis, that ███████████ *Id.* at ¶ 197. He further opines, without the required analysis, that ███████████ ███████████" and ███████████ *Id.* at ¶¶ 202, 204. Regarding ███████ Dr. Madisetti similarly opines that it ███████████ ███████████ ███████████ *Id.* at ¶¶ 206, 210. Next, he opines, without the requisite invalidity analysis, that the process disclosed in ███████████ ███████████ ███████████ *Id.* at ¶¶ 216–17. He further opines that ███████████ ███████████ *Id.* at ¶ 216. With respect to ███████ Dr. Madisetti opines that ███████████ ███████████ ███████████ *Id.* at ¶¶ 222, 224.

Dr. Madisetti concludes that "the techniques disclosed by the [asserted patents] are described in the prior art." *Id.* at ¶¶ 196, 206, 212, 219; *see also id.* at ¶¶ 202, 240.

### III. LEGAL STANDARD

"The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless." *Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*, No.

2

██████████████████████████

2:16-CV-00134-JRG, 2017 WL 2869365, at *2 (E.D. Tex. Mar. 18, 2017). To determine whether non-disclosure was justified or harmless, the Court should consider: (1) the explanation for the party's failure to disclose; (2) the importance of the evidence; (3) the prejudice to the opposing party of including the evidence; and (4) the possibility of curing the prejudice by granting a continuance. *See Primrose Operating Co. v. Nat'l Am. Inc. Co.*, 382 F.3d 546, 563–64 (5th Cir. 2004); *see also Godo*, 2017 WL 2869365, at *2; *ZiiLabs Inc. v. Samsung Elec. Co.*, Case No. 2:14-cv-203, 2015 WL 6690403, at *2 (E.D. Tex. Nov. 1, 2015). "The burden is on the party facing sanctions to prove that its failure to comply with Rule 26 was substantially justified or harmless." *Rembrandt Vision Tech., L.P. v. Johnson & Johnson Vision Care, Inc.*, 725 F.3d 1377, 1381 (Fed. Cir. 2013).

Federal Rule of Evidence 702 provides that a witness who is "qualified as an expert by knowledge, skill, experience, training, or education," may testify in the form of an opinion if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

The Supreme Court provided guidance on the application of Rule 702 in *Daubert* and held that when expert testimony is offered, the trial judge must perform a screening function to ensure that the expert's opinion is reliable and relevant to the facts at issue in the case. *Daubert v. Merrell Dowell Pharmaceuticals, Inc.*, 509 U.S. 579, 592 (1993). The Court enunciated a two-prong test for the admissibility of expert testimony:

> Faced with a proffer of expert scientific testimony, . . . the trial judge must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to

> testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue. This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue.

*Id.* at 592.

The first prong of the test involves a determination of whether the proffered expert testimony is based on a methodology that is scientific and reliable. *Id.* The second prong of the *Daubert* test involves a determination of relevancy or "fit." *Id.* According to the Supreme Court, the question is whether the proffered expert testimony is sufficiently tied to the facts in issue such that it will aid the jury in resolving the factual dispute. *Id*. at 591; *see also* FED. R. EVID. 702. Both prongs of the test must be satisfied before the proffered expert testimony may be admitted. *Id*. at 592–93. "Throughout, a judge assessing a proffer of expert scientific testimony under Rule 702 should also be mindful of other applicable rules." *Id.* at 595.

### IV. ARGUMENT

#### A. Dr. Madisetti's Invalidity Opinions Should Be Excluded Because They Are Untimely, Unreliable, and Constitute Improper Bolstering.

##### 1. Amazon's untimely disclosure of Dr. Madisetti's opinions is not justified or harmless.

As explained in Section II of this Motion, Amazon failed to disclose Dr. Madisetti's invalidity opinions in accordance with the Court's deadline to serve disclosures for expert witnesses by the party with the burden of proof. The failure to timely disclose Dr. Madisetti's invalidity opinions is neither justified nor harmless under the applicable four-factor test, and these opinions should therefore be excluded. *See Primrose Operating Co. v. Nat'l Am. Inc. Co.*, 382 F.3d 546, 563–64 (5th Cir. 2004).

4

### a) The explanation for Amazon's failure to disclose.

Amazon has never provided any explanation regarding why it failed to disclose Dr. Madisetti's invalidity opinions before the applicable deadline. Accordingly, the first factor weighs in favor of exclusion.

### b) The importance of the evidence.

The second factor also supports exclusion. Amazon already has expert opinions regarding invalidity in the form of Dr. Akl's testimony, so exclusion will not cause Amazon any significant hardship.

### c) The prejudice to SLC of including the evidence.

SLC will be prejudiced if Dr. Madisetti's invalidity opinions are included because it will not have a chance to provide a rebuttal expert report to address these opinions. To fairly respond to Amazon's two invalidity experts, SLC would have to retain an additional validity expert to issue a rebuttal report. Therefore, the third factor weighs in favor of exclusion.

### d) The possibility of curing the prejudice by granting a continuance.

The fourth factor supports exclusion. With jury selection set to occur in less than two months, a continuance this close to trial would deprive SLC of its right to a timely resolution of this patent infringement suit.

### 2. Dr. Madisetti's opinions are based on an unreliable analysis.

Dr. Madisetti's invalidity opinions should also be excluded because they are based on an unreliable methodology. Unlike Dr. Akl, Dr. Madisetti did not perform the required limitation-by-limitation analysis that compares the prior art references to the asserted claims. Instead of performing this analysis himself, Dr. Madisetti improperly relies on Amazon's invalidity contentions, which he did not prepare. *See* Madisetti Dep. Tr. (excerpts attached as Ex. 3) at

179:15–23, 186:24–187:12, 191:23–192:8, 199:14–25, 215:1–12. Accordingly, he does not have a proper independent basis for concluding that any of the asserted patents are invalid.

### 3. Dr. Madisetti's opinions constitute improper bolstering of Dr. Akl's opinions.

Because Dr. Akl has already provided opinions regarding invalidity, Dr. Madisetti's invalidity opinions should be stricken as improper bolstering of Dr. Akl's opinions. "Multiple experts testifying on the same subject is unhelpful and needlessly cumulative." *Thomas v. T.K. Stanley, Inc.*, No. 9-12-cv-158, 2014 WL 12814614, at *2 (E.D. Tex. Oct. 28, 2014); *see also DiSalvatore v. Foretravel, Inc.*, No. 9:14-cv-00150, 2016 WL 7742824, at *11 (E.D. Tex. July 20, 2016) ("Traditionally, courts strike experts as cumulative when another expert has already testified to the same opinion or facts.").

This is particularly true in the context of multiple invalidity experts in patent cases, as discussed in *Hearing Components, Inc. v. Shure, Inc.*, No. 9:07-cv-104, 2008 WL 5572824 (E.D. Tex. Dec. 1, 2008). In *Hearing Components*, the defendant attempted to offer an expert's "report and testimony for the sole purpose of demonstrating the background knowledge of one of ordinary skill in the art" when the expert only analyzed a single prior art reference. *Id.* at 3. The court found that the expert's testimony was "cumulative and of marginal probative value" because the defendant had another expert "who will be testifying as to the validity" of the same asserted patents. *Id.* at 4. The court further noted that "[a]s a practical matter, it would be difficult, if not impossible, for the court to limit [the expert witness] to the general discussion of the prior art found in his expert report while also preventing him from discussing how to combine certain elements of these references to render the asserted claims invalid." *Id.*

Similarly, in this case, allowing Amazon to present a second invalidity expert at trial would provide minimal probative value and result in the needless presentation of cumulative evidence.

6

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Dr. Madisetti's testimony would also unfairly prejudice SLC and mislead the jury by suggesting that Amazon's invalidity position is stronger because it has more expert witnesses testifying about the prior art. *See* FED. R. EVID. 403.

Therefore, the Court should exclude Dr. Madisetti's invalidity opinions contained in paragraphs 196–99, 202–04, 206–10, 212–17, 219–24, and 240 of his report and his opinions that rely upon them, including those in paragraphs 178, 194, and 200.

**B.** **Dr. Madisetti's ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Should Be Excluded Because He Fails to Even Provide a Methodology, and the ▬▬ Is Unreliable.**

Dr. Madisetti improperly ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ for certain accused products from ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ in paragraph 456 of his report. Specifically, referring to ▬▬▬▬▬▬▬▬▬▬, Dr. Madisetti states that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *See* Ex. 2 at ¶¶ 261, 456. He then concludes that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬ Ex. 2 at ¶ 456.

The Court should exclude Dr. Madisetti's ▬▬▬▬▬▬▬▬ because it is based on no methodology whatsoever. "A court may rightfully exclude expert testimony where a court finds that an expert has extrapolated data, and there is too great an analytical gap between the data and the opinion proffered." *Blue Spike, LLC v. Huawei Techs. Co.*, No. 6:13-cv-679, 2016 WL 9286102, at *1 (E.D. Tex. Oct. 14, 2016). Here, Dr. Madisetti has not even provided any analysis to support his opinion that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Indeed, courts in this district have recognized that such unsupported extrapolation is improper. *See Ericsson, Inc. v. Harris Corp.*, No. 4:98-cv-325, 2001 WL 36131932, at *7 (E.D. Tex. Mar. 13, 2001) (finding expert testimony unreliable due to "an analytical gap in his analysis when he

7

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

concluded that price erosion suffered by one Ericsson product would cause price erosion of a whole family of Ericsson's products"); *Abron v. Lumber*, No. 2:99-cv-197, 2003 WL 25771980, at *4 (E.D. Tex. Feb. 7, 2003) (noting that the parties offering expert testimony "agree that the air model for 1989 does not predict the air dispersion for later years standing alone").

Furthermore, Dr. Madisetti's ▓▓▓▓ should be excluded because he relies on a ▓▓▓▓▓▓▓▓. The court's opinion in *Orthoflex, Inc. v. ThermoTek, Inc.* is particularly instructive here. 986 F. Supp. 2d 776 (N.D. Tex. 2013). In that case, the data set that the expert "used to justify a conclusion about the failure rate for all [of the defendant's] products included only those products that had been returned for an alleged failure: a subset that had a greater-than-average probability of exhibiting a problem." *Id.* at 805. The court found that "[t]his type of systematic difference between the observations included in the study versus those that are not renders expert testimony based on these data unreliable." *Id.* The ▓▓▓▓ that Dr. Madisetti relies on is systematically different and biased because ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* Ex. 2 at ¶ 261; Karge Dep. Tr. (excerpts attached as Ex. 4) at 95:7–22. Not only is this ▓▓▓▓ compromised, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Accordingly, the Court should exclude Dr. Madisetti's ▓▓▓▓▓▓▓▓ in paragraph 456 of his report.

## V.  CONCLUSION

For the foregoing reasons, the Court should grant SLC's Motion to Strike Certain of Dr. Madisetti's Opinions.

8

████████████████████████████

| | |
|---|---|
| Dated:  June 12, 2020 | Respectfully submitted, |
| | |
| | */s/ Scott W. Clark*_____ |
| | Demetrios Anaipakos |
| | Texas Bar No. 00793258 |
| | danaipakos@azalaw.com |
| | Amir Alavi |
| | Texas Bar No. 00793239 |
| | aalavi@azalaw.com |
| | Brian E. Simmons |
| | Texas Bar No. 24004922 |
| | bsimmons@azalaw.com |
| | Masood Anjom |
| | Texas Bar No. 24055107 |
| | manjom@azalaw.com |
| | Michael McBride |
| | Texas Bar No. 24065700 |
| | mmcbride@azalaw.com |
| | Scott W. Clark |
| | Texas Bar No. 24007003 |
| | sclark@azalaw.com |
| | Weining Bai |
| | Texas Bar No. 24101477 |
| | wbai@azalaw.com |
| | Justin Chen |
| | Texas Bar No. 24074024 |
| | jchen@azalaw.com |
| | Michael Killingsworth |
| | Texas Bar No. 24110089 |
| | mkillingsworth@azalaw.com |
| | AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING P.C. |
| | 1221 McKinney Street, Suite 2500 |
| | Houston, TX 77010 |
| | Telephone: 713-655-1101 |
| | Facsimile: 713-655-0062 |
| | |
| | Wesley Hill |
| | Texas Bar No. 24032294 |
| | wh@wsfirm.com |
| | Claire Abernathy Henry |
| | Texas Bar No. 24053063 |
| | claire@wsfirm.com |
| | Andrea L. Fair |
| | Texas Bar No. 24078488 |
| | andrea@wsfirm.com |

9

WARD, SMITH, & HILL, PLLC
P.O. Box 1231
Longview, TX 75606
(903) 757-6400

**ATTORNEYS FOR PLAINTIFF SAINT LAWRENCE COMMUNICATIONS, LLC**

**CERTIFICATE OF CONFERENCE**

I hereby certify that on June 11, 2020, counsel for Plaintiff, including Scott W. Clark, and counsel for Defendants, including Lowell Mead, held a telephonic meet-and-confer regarding the Motion. Based on that conference, the relief requested herein is opposed.

/s/ Scott W. Clark
Scott W. Clark

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was filed electronically on June 12, 2020. As such, this document was served on all counsel of record pursuant to the Federal Rules of Civil Procedure.

/s/ Scott W. Clark
Scott W. Clark